NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN CAREY; et al., | No. 19-35290 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-05208-RBL |
| v. | |
| WASHINGTON EDUCATION ASSOCIATION, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| JAY ROBERT INSLEE, in his official capacity of Governor of the State of Washington; DAVID SCHUMACHER, in his official capacity as Director of Washington State Office of Financial Management, | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 20, 2021**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Appellants' request for oral argument, set forth in the opening brief, is denied.

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Justin Carey, JoBeth Deibel, David Gaston, Roger Kinney, and Keith Sanborn appeal from the district court's summary judgment in their 42 U.S.C. § 1983 putative class action alleging a First Amendment claim arising out of compulsory agency fees (also known as fair share fees) paid to Washington Education Association. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Danielson v. Inslee*, 945 F.3d 1096, 1098 (9th Cir. 2019), *cert. denied*, No. 19-1130, 2021 WL 231555 (Jan. 25, 2021). We affirm.

The district court properly granted summary judgment because a public sector union can, as a matter of law, "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees it collected" prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). *Danielson*, 945 F.3d at 1097-99 ("[P]rivate parties may invoke an affirmative defense of good faith to retrospective monetary liability under 42 U.S.C. § 1983, where they acted in direct reliance on then-binding Supreme Court precedent and presumptively-valid state law."); *see also id.* at 1102-03 (finding plaintiffs' claim for monetary relief as damages, not restitution; "Even accepting Plaintiffs' restitutionary premise, the equities do not weigh in favor of requiring a refund of all agency fees collected pre-*Janus*.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**